Michele K. Anderson, michele@anderson-west.net (9249)
Attorney for Plaintiff
Anderson-West, PLLC
2150 South 1300 East, Suite 500
Salt Lake City, Utah 84106
P:  801.207.8216
F:  801.207.8218

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION**

| | |
|---|---|
| MICHELE MORIN, an individual;<br><br>Plaintiff,<br>v.<br><br>CREDIT COLLECTION SERVICES GROUP, INC. a Georgia Corporation, DAVID P. FREITAG, an individual and JOHN DOES 1 THROUGH 25, BEING FICTITIOUS NAMES OF UNITENTIFIED PERSONS WHO CONTROL THE POLICIES AND PRACTICES INVOKED BY CREDIT COLLECTION SERVICES GROUP, INC.<br><br>Defendant(s). | **COMPLAINT**<br>-and-<br>**DEMAND FOR JURY TRIAL**<br><br><br><br><br><br><br><br><br>Case No. 2:10cv- 61<br><br>JUDGE SAMUEL ALBA |

**I.
PARTIES**

1.     MICHELE MORIN ("PLAINTIFF" OR "MORIN") is a natural person who, at all times relevant to this complaint, resided in the City of Salt Lake, Salt Lake County, Utah.

2.     Defendant CREDIT COLLECTION SERVICES GROUP, INC. ("CCS"), at all times relevant to this complaint, is a for-profit corporation existing pursuant to the laws of the

1

State of Georgia.  CCS maintains its principal business address at 3 East Montgomery Crossroads, City of Savannah, Chatham County, Georgia.

3. Defendant DAVID P. FREITAG ("FREITAG"), at all times relevant to this complaint, is a natural person who maintains residence at 1934 Montgomery Cross Road, City of Savannah, Chatham County, Georgia.

4. Defendants, DOES NUMBERS 1 THROUGH 25 ("DOE DEFENDANTS") are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names of these DOES DEFENDANTS.

5. PLAINTIFF is informed and believes, and on that basis alleges, that the DOE DEFENDANTS, are natural persons all of whom reside in Chatham County, Georgia, and who personally created, instituted and, with knowledge that such practices were contrary to law, acted, consulted with, and oversaw policies and procedures used by CCS that are the subject of this complaint.

## II.
## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. 1332(d)(2) with respect to PLAINTIFF 'S claims under the Fair Debt Collection Practices Act, 15 U.S. C. §1692 et seq. ("FDCPA").

7. Jurisdiction of this Court arises under 47 U.S.C. §227 and 28 U.S.C. 1332(d)(2) with respect to PLAINTIFF'S claims under the Telephone Consumer Protection Act , 47 U.S.C. §227 et seq.("TCPA").

8. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) because the events giving rise to PLAINTIFF'S claims occurred within this federal judicial district and with regard to Defendants, venue is appropriate pursuant to 28 U.S.C. §1391 (a)(2).

## III.
## FIRST CAUSE OF ACTION:
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

9. PLAINTIFF realleges and incorporates by reference the allegations in paragraphs 1 through 8 above.

10. The FDCPA regulates the behavior of collection agencies attempting to collect debts on behalf of another.  Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors to ensure that the debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses.  15 U.S.C. §1692(a)-(e).

11. PLAINTIFF, brings this action for the unlawful practices of the Defendants who used false, deceptive and misleading practices and other illegal practices, in connection with their attempts to collect alleged debts from PLAINTIFF.  PLAINTIFF alleges that the collection practices of Defendants violate the FDCPA.  These practices include, but are not limited to:

   a. Leaving telephonic voice message for PLAINTIFF, which failed to provide any meaningful disclosure of Defendants' identity;

   b. Leaving telephonic voice messages for PLAINTIFF, which failed to disclose that the call was from a debt collector; PLAINTIFF 'S place of work that were overheard by third parties; and

3

  c. Leaving telephonic voice messages for PLAINTIFF that failed to disclose the purpose and nature of the communications.

  d. Failing to provide any written communication regarding the collection of the alleged debt.

12. The FDCPA is a strict liability statute that provides for actual and statutory damages upon the showing of one violation.

13. Prior to August 2009, PLAINTIFF allegedly incurred a financial obligation arising out of a transaction, which the subject of was primarily for personal, family or household purposed and allegedly defaulted on that obligation.

14. The alleged obligation is a "debt" as defined by 15 U.S.C. §1692A(5).

15. PLAINTIFF is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

16. PLAINTIFF is informed and believes, and on that basis alleges, that sometime prior to December 2008, the alleged debt was directed or through mesne transactions, assigned, placed, transferred or sold to Defendants for collection.

17. Defendants collect, and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors and as such, Defendants are "debt collectors" as defined by 15 U.S.C. §1692a(6).

18. Beginning in or around August 2009, and continuing thereafter and up until the date of this Complaint, PLAINTIFF began receiving a series of "pre-recorded" telephonic voice messages ("Messages") on her cellular telephone and also at her office telephone.

19. Each of the Messages uniformly failed to:

   a. Provide meaningful disclosure of Defendants' identities as the caller;

   b. Disclose that the communication was from a debt collector;

   c. Disclose the purpose or nature of the communication;

   d. Provide disclosure that the communication should not be heard by a third party (i.e. that it was confidential and personal information).

   e. Provide information that the telephone communications were recorded.

20. Each of the Messages is a "communication" as defined by 15 U.S.C. §1692a(2).

21. Each of the Messages was left by persons employed as debt collectors by Defendants in connection with the collection of a debt.

22. Each of the Messages was recorded by Defendants.

23. PLAINTIFF never received any written communication regarding the alleged debt that prompted the telephone calls.

24. Each of the Messages was false, deceptive, misleading and the natural consequences of which was to harass, oppress and abuse PLAINTIFF.

**IV.
SECOND CAUSE OF ACTION:
VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

25. PLAINTIFF realleges and incorporates by reference the allegations contained in paragraphs 1-24 above.

26. The TCPA regulates restrictions on the use of telephone equipment and the negligent, knowing and/or willful contact with individuals through telephone communication.

inter alia, the TCPA makes it unlawful for any person to cause to be made, through an automatic dialer or automated/pre-recorded message, any call (other than a call made for emergency Purposes) without the prior express consent of the called party. 47 U.S.C. §227 et seq.

27. PLAINTIFF brings this action for the unlawful practices of the Defendants who used in connection with their attempts to collect alleged debts from the PLAINTIFF in violation of the TCPA.

28. On multiple occasions, Defendants contacted PLAINTIFF on her cellular telephone via "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1) ("TCPA Calls").

29. PLAINTIFF is informed and believes, and on that basis alleges, that during these TCPA Calls, placed by Defendants, Defendants used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. §227(b)(1)(A).

30. At all times relevant to this complaint, PLAINTIFF'S telephone number, to which Defendants placed its TCPA Calls, was assigned to a cellular telephone service for which PLAINTIFF incurred charges for incoming calls pursuant to 47 U.S.C. §227(b)(1)(A)(iii).

31. The TCPA Calls were not made for "emergency purposes" as contemplated by 47 U.S.C. §227(b)(1)(A).

32. Each of the messages left for PLAINTIFF, as a result of the TCPA Calls failed to state, at the beginning of the message, the identity of the business, individual, or other entity initiating the call.

33. PLAINTIFF, at no time, provided Defendants with "prior express consent" to make any calls to her on her cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice."

34. The TCPA Calls placed by Defendants to PLAINTIFF'S cellular telephone were in violation of 47 U.S.C. §227(b)(1)(A)(iii).

## V.
## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully requests that the Court enter judgment in her favor as follows:

A.  As to the First Cause of Action

   1. Award of the maximum statutory damages for PLAINTIFF;

   2. Attorney's fees, litigation expenses and costs, and

   3. For such other relief as this Court deems just and proper.

B.  As to the Second Cause of Action:

   1. Award of the maximum statutory damages for PLAINTIFF pursuant to the Second Cause of Action,

   2. Injunctive relief;

   3. Attorney's fees, litigation expenses and costs, and

   4. For such other relief as this Court deems just and proper.

DATED this 20th day of January, 2010.

                                      Respectfully submitted,

                                          /s/ Michele K. Anderson
                                    Michele K. Anderson (9249)
                                    Anderson-West, PLLC
                                    2150 South 1300 East, Suite 500
                                    Salt Lake City, Utah 84106
                                    P:  (801) 207.8216
                                    F:  (801) 207.8218
                                    Email:  michele@anderson-west.net